Kim FELD, Appellant,

v.

TREASURER of the STATE OF MISSOURI, CUSTODIAN OF The SECOND INJURY FUND, Respondent.

No. ED 89732.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 9, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 8, 2007.

John D. Schneider, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Da–Niel Cunningham, Jefferson City, MO, for respondent.

Before KATHIANNE KNAUP CRANE, P.J., ROBERT G. DOWD, Jr., J., and KENNETH M. ROMINES, J.

### MEMORANDUM DECISION

PER CURIAM.

Appellant Kim Feld ("Feld") appeals from the decision of the Labor and Industrial Relations Commission ("Commission"), which held that Feld suffered a permanent partial disability, which resulted from a combination of the disability he suffered by the primary injury and the preexisting disabilities of his ankle, neck, and back. Additionally, the Commission found that Feld suffered a permanent partial disability of 80% of the body as a whole as a result of the primary injury. Accordingly, the Commission's award required the employer to pay Feld weekly installments of $249.48 (permanent partial disability rate) for a 320 week period (80% of 400 weeks) beginning February 24, 1999. Thereafter, the Commission ordered the Second Injury Fund to pay Feld weekly payments of $476.38 (permanent total disability rate) for his permanent total disability benefit for his lifetime or until modified by law.

Feld brings one claim of error arguing that the Commission erred in assessing permanent partial disability liability to the employer because Feld's disability was "unique" in that the disability was caused by both the 1984 surgery and the 1994

work injury. This "unique" set of facts, according to Feld, precludes the Commission from assessing permanent partial liability to employer under section 287.220.1 RSMo. (2000)[1] because the last injury cannot be considered alone and of itself.

We have thoroughly reviewed the record and the briefs of the parties. The order of the Commission is supported by competent and substantial evidence on the whole record and no error of law appears. Therefore, an opinion would serve no jurisprudential purpose. The judgment is affirmed pursuant to Rule 84.16(b)(4)(5).

AFFIRMED.

1. All statutory references are to RSMo. (2000).